UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JOHN L. MAYS, JR.** | \* | **CIVIL ACTION NO. 12-3127** |
| **VERSUS** | \* | **JUDGE ELIZABETH E. FOOTE** |
| **LABOR FINDERS, ET AL.** | \* | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

On, or about October 31, 2012, plaintiff John L. Mays filed the instant *pro se* petition against defendants, LFI Fort Pierce d/b/a Labor Finders (incorrectly named in the petition as "Labor Finders") (hereinafter, "LFI") and the Louisiana Workforce Commission (incorrectly named in the petition as the State of Louisiana, the unemployment office, "Tribunal Appeal Unit Court," and/or the State of Louisiana Board of Regents) (hereinafter, "LWC") in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.  Plaintiff contends that defendants violated his numerous civil and labor rights, plus unspecified state and federal laws enjoyed by citizens such as himself.  ("Petition For Review My Appeal").  Apparently, Mays is seeking to appeal an unfavorable decision issued by a state appeals tribunal.  He seeks damages in the amount of $33 million.

In addition to the foregoing, Mays attached to his petition an unsigned Charge of Discrimination that he ostensibly presented to the Equal Employment Opportunity Commission ("EEOC").  (Petition, Exh.).  He alleges in the charge that his former employer, LFI, discriminated against him on the basis of race, national origin, religion, and age.  He further alleges that LFI retaliated against him in violation of Title VII.

In conjunction with his state court petition, Mays also filed a "Petition for Change from

State Court to Federal Court." (Petition, Exh.). He alleged in this submission that he thought his case constituted a federal matter because the State of Louisiana is part of the problem. *Id*. He further represented that he had filed charges with the U.S. Justice Department Civil Rights Division, the EEOC, and the U.S. Inspector General. *Id*.

On December 19, 2012, defendant LFI exercised its right to remove the case to federal court pursuant to 28 U.S.C. § 1441, on the sole basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal).[1] However, the notice of removal conspicuously failed to address whether co-defendant, the LWC, joined in, or otherwise consented to removal. *Id*.

On March 6, 2013, counsel for LFI wrote a letter to the court wherein she advised that counsel for the LWC had contacted her and explained that the proper state entity defendant was, in fact, the LWC. (March 6, 2013, Letter from Catherine Giering [doc. # 17]). Furthermore, counsel for the LWC raised an issue with regard to the receipt (or lack thereof) of the removal proceedings and service of same. *Id*. The court construed LFI's letter as a request for a status conference, which the court duly set for March 21, 2013. (March 7, 2013, E-Order [doc. # 18]).

On March 21, 2013, the court held a telephone status conference that included counsel for LFI and the LWC. *See* Minutes of Proceedings [doc. # 19].[2] During the conference, counsel for defendants agreed that there were no federal claims against the state entity(ies). *Id*. Furthermore, the presence of the state entity(ies) raised an 11th Amendment immunity issue that compelled the court to sever and remand to state court plaintiff's claims against the state entity(ies). *Id*. The court, as detailed below, agrees.

---

[1] Incorrectly denominated as a "Petition for Removal." *See* 28 U.S.C. § 1446(a).

[2] Despite notice, plaintiff did not participate in the conference call. Counsel for LFI repeatedly endeavored, without success, to reach plaintiff at his contact number of record.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. The removal statutes are strictly construed in favor of remand. *Id*.

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA") amended the removal statutes to provide that upon removal of a civil action that includes "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. § 1331]), . . ." the "district court *shall sever* from the action all claims [not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute] and *shall remand* the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(1)-(2) (emphasis added).

In this case, it is manifest that plaintiff's employment discrimination claims against LFI arise under federal law. Consequently, the court enjoys subject matter and removal jurisdiction to entertain plaintiff's claims against LFI. *See* 28 U.S.C. §§ 1331 & 1441(c)(1)(A). However, with regard to plaintiff's claims against the LWC, the court observes that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted).

The Eleventh Amendment bars suits for both money damages and injunctive relief against a state

entity. *Id*. It also precludes state law claims brought against the State and its departments (in federal court). *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).

The LWC is a state agency that is entitled to Eleventh Amendment immunity from suit in federal court. *Sandres v. Louisiana Workforce Comm'n*, C. A. No. 09-652-C, 2010 WL 565378 (M.D. La. Feb. 17, 2010). Accordingly, the court lacks jurisdiction to entertain plaintiff's action against said defendant. *Warnock v. Pecos County, Tex.*, 88 F.3d 341 (5th Cir. 1996) (citing Fed.R.Civ.P. 12(b)(1)). As plaintiff's claims against the LWC do not lie within this court's original or supplemental jurisdiction, the court is required to sever and remand them to state court. 28 U.S.C. § 1441(c)(2); *see also* Fed.R.Civ.P. 21 (authorizing the court to add or drop a party on its own, at any time).

## Conclusion

For the above-assigned reasons, the court, via separate judgment, will sever and remand plaintiff's claims against the Louisiana Work Force Commission/State of Louisiana to the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 21st day of March 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE